United States District Court
District of Massachusetts

| | |
|---|---|
| Francis Munagi,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Patricia Hyde, et al.,<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
26-11874-NMG

**MEMORANDUM & ORDER**

Gorton, J.

## I.　Background

In his petition for writ of habeas corpus (Docket No. 1) petitioner Francis Munagi ("Munagi" or "petitioner") contends that Patricia Hyde and other named respondents ("respondents") have violated his statutory, regulatory, and due process rights by revoking his Order of Supervised Release ("OSUP") and detaining him pending deportation. Petitioner contends that U.S. Immigrations and Customs Enforcement ("ICE") officers failed to comply with the statute and regulations controlling revocation of OSUPs. Respondents contend that petitioner was not under an OSUP at the time he was detained and that his detention is lawful pursuant to 8 U.S.C. §1231(a)(6). For the reasons that follow, Munagi's petition will be **ALLOWED**.

- 1 -

## II.  Facts

Petitioner is a native of Kenya who has been residing in the United States since 2001, the year he entered the country with a form I-94 after Border Protection agents inspected him. In 2014, an immigration judge issued a final order of removal to Kenya for petitioner.  More than six months later, ICE released petitioner on an OSUP, requiring him to check in with ICE periodically.  In October 2025, during a scheduled check-in, ICE revoked petitioner's OSUP and detained him.  ICE gave petitioner written notice of his OSUP revocation under 8 C.F.R. §241.13(i)(2), advising him that it had determined that he could be removed from the United States.  Shortly thereafter, Munagi filed a petition for writ of habeas corpus, which this Court granted after finding that ICE had not followed applicable regulations when revoking his OSUP.

Petitioner was released pursuant to the Court's order, which ICE contends "did not require that Petitioner be released pursuant to an order of supervision or any other conditions." As such, ICE released Munagi on his own recognizance.  Then, "[w]hile Petitioner remained at large," ICE created a departure plan for Munagi to leave the country for Kenya through a non-custodial removal.  When petitioner failed to comply with the non-custodial removal plan, ICE conducted a targeted arrest and detained him.

- 2 -

### III. Analysis

ICE avers that because it did not release petitioner with an OSUP, it was free to re-detain him without following its own regulations governing the revocation of OSUPs.  ICE is mistaken. When this Court found the revocation of Munagi's OSUP invalid and granted the habeas petition, his release was pursuant to the OSUP previously in place.  It is axiomatic that invalid agency action is of no legal force, meaning the revocation of the OSUP was a nullity that did not disrupt petitioner's release status.

Further, the relevant statutory and legal scheme indicate that once the removal period has expired, the government chooses between continued detention and supervision under release conditions, "not between imprisonment and the alien living at large." Zadvydas v. Davis, 533 U.S. 678, 696 (2001); see 28 U.S.C. §1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

ICE has proffered no statutory or regulatory support indicating it was entitled to release petitioner on his own recognizance.  As such, the Court finds that petitioner's original OSUP remained in place and that ICE was required to follow its regulations when re-detaining petitioner.  Those procedures and requirements are set out in 8 C.F.R. § 241.4, and

§ 241.13.  By its own admission, ICE has not done so here.  ICE confirms that it did not serve Petitioner with a notice of revocation or adhere to any other procedures pursuant to 8 C.F.R. § 241.13(i) prior to detaining the petitioner. Accordingly, Munagi's detention was unlawful. See Nguyen v. Noem, 817 F. Supp. 3d 889, 899 (C.D. Cal. 2025) (government's failure to follow its release revocation procedures rendered re-detention unlawful); Duong v. Noem, 815 F. Supp. 3d 1155, 1162 (S.D. Cal. 2025) (when (ICE) fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered).  As such, the petition is allowed.

### IV.  Conclusion

Based upon the above analysis, Francis Munagi will be released pursuant to the terms of his OSUP and his motion for leave to amend the petition will be denied as **MOOT**.

## ORDER

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**.  The motion for leave to amend petition (Docket No. 11) is **DENIED** as moot.  The Court directs that petitioner, Francis Munagi, shall be released.


**So ordered.**


Dated: 08/06/2026

_____
Nathaniel M. Gorton
Senior United States District Judge

- 5 -